## WEAVER v. SOUTHERN RY.

1. EVIDENCE.—In an action against a railroad company for damages caused by moving a train standing across a street to a traveller climbing between the cars, it is competent to show that others passed over in this way before plaintiff.

   *Thomasson* v. *R. R.*, 72 S. C., 1, *affirmed.*

2. CHARGE.—A REQUEST which intimates to jury the inference to be drawn from facts in the case therein stated in detail is a charge on the facts.

3. RAILROADS—SIGNALLING STATUTES—CROSSING—GATES—NEGLIGENCE.— The lowering of gates across a street where by ordinance the company is required to keep gates closed while trains are crossing, is notice to a traveller that it is dangerous to cross at that time, but it does not take the place of the signal required by statute which is intended to warn travellers that a train standing on a street or highway will move in thirty seconds. But ignoring the warning the warning given by the gates strongly tends to show gross negligence in crossing.

4. REHEARING refused.

Before MEMMINGER, J., Spartanburg, March, 1906. Affirmed.

Action by Bassett Weaver against Southern Railway Co. From judgment for plaintiff, defendant appeals on following exceptions, alleging error:

"1. In allowing plaintiff under the circumstances of this case to testify that other persons crossed over between the cars before he did.

"The error being, as it is respectfully submitted, that inasmuch as the gates were down, it was irrelevant as well as incompetent to allow testimony as to what others did, and what influence it may have had upon plaintiff, the issue in this case being solely as to the negligence of the defendant and the contributory negligence of the plaintiff, and not as to the acts and conduct of other persons.

"2. Because his Honor erred in allowing the witnesses, Widdup and High, to testify that they climbed over between these cars, and why they did it.

"The errors being that the issue in this case was as to the negligence of the defendant and the contributory negligence of the plaintiff, and not as to the acts and conduct of others. It being respectfully submitted that such evidence was both incompetent and irrelevant.

"3. Because his Honor erred in instructing the jury as follows:

"'And if you find that there was an ordinance of the city of Spartanburg which prohibited the railroad company from stopping its train on the street crossing for more than five minutes, and it being the general law that the railroad cannot stop upon the street crossing for an unreasonable time, and if you find that the Southern Railway did stop its train for an unreasonable time, for more than five minutes, that raises the general presumption of negligence, and the next question is did that negligence cause the injury alleged to have been suffered by this negro, and if so, that is the basis of this action—if he has proved those allegations, he is entitled to damages.'

"The errors being, as it is respectfully submitted:

"a. That this charge was a charge upon the facts, contrary to the provisions of sec. 26, art. V., of the Constitution, in that his Honor instructed the jury that the blocking of the street for more than five minutes would be blocking it for an unreasonable time.

"b. In that his Honor by this charge instructed the jury that if this train did block the street for an unreasonable time, for more than five minutes, that this raised the general presumption of negligence, and that the plaintiff, if he proved such negligence, would be entitled to damage, thereby ignoring the precautions that the defendant may have taken to warn persons not to cross the railroad, and making the right of plaintiff to recover depend entirely upon the length of time the train was across the street.

"c. That by this charge his Honor instructed the jury that if it was proven that the defendant did block the street for an unreasonable length of time, and that this negligence caused the injury, then the plaintiff was entitled to damage, thereby ignoring all questions as to the contributory negligence of the plaintiff, as well as all evidence of notice or warning given by the defendant before the train was moved.

"4. Because his Honor erred in charging the fourth (4) request of the plaintiff, as follows:

" 'If a railroad company obstructs a highway for an unreasonable length of time, unless it is without fault, and a person enters upon its cars for the sole purpose of crossing the railroad track, he assumes only such risks as arise under the expectation that he has the right to entertain, that the railroad will do what the law requires it to do, that is, ring the bell or blow the whistle for at least thirty seconds before the moving of the engine, and only such risks as may be attendant upon his own negligence; and whether he was guilty of gross or wilful negligence, or of a violation of the law, is to be determined by the jury upon consideration of the facts and circumstances surrounding the case.'

"The error being that by this charge, his Honor ignored the provision of the statute which requires the plaintiff to

prove not only the failure of the defendant to comply with the statute, but that the plaintiff must make it appear that such failure contributed as a proximate cause to his injury, and led the jury to believe that if the railroad company failed to ring its bell or sound its whistle, that the plaintiff could recover simply by proving such fact without going further and proving that such failure contributed as a proximate cause to his injury.

"5. Because his Honor erred in refusing to charge the defendant's third (3) request, as follows:

" '(3) If the danger of climbing over the cars which are standing across a street is obvious, known and apparent to a person of ordinary care and prudence, and, notwithstanding this, a person undertakes to climb over such cars in the face of such obvious known and apparent danger, he assumes the risk of so doing, and in this case if the jury find that it was dangerous for the plaintiff, taking into consideration his age and all the circumstances of the case, to climb between the cars which may have been standing across the street, and that the danger was such that a man of ordinary care and prudence ought to have seen and known it, then it was the duty of the plaintiff to see and know it, and if, under such circumstances, he carelessly and negligently did undertake to climb between such cars, then he assumed the risks incident to his so doing, and if the evidence shows that there was an engine hitched to such cars, with steam up, ready and likely to move at any moment, and if it should further appear that a person of ordinary care and prudence would have known that this engine was there, and that it was ready and likely to move at any moment, and that he ought to have known that it was dangerous to enter upon such cars, and, notwithstanding such facts, the plaintiff carelessly and negligently did undertake to climb upon and across the cars and was injured, then he cannot recover by simply proving that the train moved without ringing the bell or sounding the whistle, as the statute required.'

"The error being, as it is respectfully submitted:

"a. That this request contained sound propositions of law, applicable to the facts of this case, and was not a charge upon the facts as his Honor held.

"b. That by this request the defendant desired the attention of the jury to be directed to the law governing the acts of a plaintiff in the face of an obvious, known and apparent danger, and to the law governing the conduct of men of ordinary care and prudence, and that by his refusal his Honor took from the jury such consideration, to the prejudice of the defendant.

"6. Because his Honor erred in refusing the defendant's fourth (4) request, as follows:

" '(4) If there are cars standing across a street with an engine hitched to it, with steam up, ready and likely to move at any moment, and if this is apparent and obvious to a man of ordinary prudence and foresight, then it is the duty of one who desires to cross such street to refrain from doing anything that would unnecessarily put himself in a place of danger, and where he was likely to be injured. And if it appears in this case that there were cars standing across the street with an engine hitched to them, with steam up, ready and likely to move at a moment's notice, and if it should further appear that there was any sign, signal or warning of such facts given to the public by the railroad company, in such manner that men of ordinary care and prudence ought to have seen and known it, then it was the duty of the plaintiff to have seen and known it, and if, notwithstanding these facts—if they do appear—the plaintiff undertook in the face of an obvious danger and in the face of any signal, notice or warning, to climb over and across such cars, under circumstances that made it dangerous to do so, and when a man of ordinary care and prudence would not have done it, and in consequence of this, as a proximate cause, he was injured, then he cannot recover any damages by simply proving that he himself did not know it was dangerous, or that the cars and engine moved without ringing the bell or sounding the whistle.'

"The error being, as it is respectfully submitted:

"a. That this request contained sound propositions of law, applicable to the facts of this case, and was not a charge upon the facts, as his Honor held.

"b. That by this request the defendant desired the attention of the jury to be directed to the law governing the acts of a plaintiff in the face of an obvious, known and apparent danger, and to the law governing the conduct of men of ordinary care and prudence, and that by his refusal his Honor took from the jury such consideration, to the prejudice of the defendant.

"c. That by this request the defendant desired the attention of the jury to be directed to the law governing the conduct of a man of ordinary care and prudence in the face of any sign, signal or warning given by a railroad company that such place was dangerous, and that by such refusal his Honor failed to submit such law to the jury, to the prejudice of the defendant.

"7. His Honor erred in refusing to charge the defendant's fifth (5) request, as follows:

" '(5) If the jury find from the evidence that there were cars standing across the street, and that these cars were hitched to an engine with steam up, ready and likely to move at any moment, and that there were gates operated by the railroad company at such street crossing, and should further find that these gates were put there under an ordinance of the city of Spartanburg for the purpose of preventing the public from using the crossing while cars were upon it, and for the further purpose of notifying the public that it was dangerous to so attempt to use the crossing while the same was being used by the railroad company, and while cars were about to be moved over or on such crossing, and should further find that at the particular time mentioned in the complaint these gates were down, and that the railroad company was complying in this respect with the ordinance of the city of Spartanburg, and that this was sufficient to warn and notify persons of ordinary care and prudence not

to enter upon the cars or crossing, and that it was dangerous
for any one to enter upon such crossing, or attempt to climb
over or upon the cars, and should further find that notwith-
standing these facts—if such facts do exist—that the
plaintiff, carelessly and negligently, did undertake to climb
between the cars, at a time and under circumstances when
he ought to have known it to be dangerous, and in conse-
quence thereof was injured, and if the jury should find that
such facts—if they exist—were grossly careless and negli-
gent, and that they contributed as a proximate cause to the
injury, then the verdict should be for defendant.'

"The error being, as it is respectfully submitted:

"a. That this request contained sound propositions of
law, applicable to the facts of this case, and was not a charge
upon the facts, as his Honor held.

"b. That by this request the defendant desired the atten-
tion of the jury to be directed to the law governing the acts
of a plaintiff in the face of an obvious, known and apparent
danger, and to the law governing the conduct of men of
ordinary care and prudence, and that by his refusal his
Honor took from the jury such considerations, to the preju-
dice of the defendant.

"c. That by this request the defendant desired the atten-
tion of the jury to be directed to the law governing the
conduct of a man of ordinary care and prudence in the face
of any sign, signal or warning given by a railroad company
that such place was dangerous, and that by such refusal his
Honor failed to submit such law to the jury, to the prejudice
of the defendant.

"d. That by this request the defendant desired the Court
to instruct the jury as to the law governing the conduct of a
person of ordinary care and prudence where gates were
operated by a railroad company, especially in so far as it
affected the question of the contributory negligence of the
plaintiff in this case, and that by his refusal his Honor took
such questions from the consideration of the jury, to the
prejudice of the defendant.

"8. Because his Honor erred in modifying and in not charging defendant's seventh (7) request, to wit:

" '(7) The moving of cars by a railroad company from across a street or highway is a lawful act, and if for any reason a street has become obstructed, even for an unreasonable length of time, by the cars being placed upon them, the moving of such cars by the company from across the street is of itself a lawful act, and if it takes precautions which are sufficient to notify and warn persons of ordinary care and prudence that such cars are about to be moved, and that it is dangerous to enter thereon, it is the duty of persons intending to use the crossing to heed such warnings. And in this case, even if it does appear that the street where the injury occurred was blocked by the cars of the defendant which were at a stand-still, yet if it further appears that there was notice, sufficient to warn persons of ordinary care that the cars were likely to move at any moment and that it was dangerous for any one to attempt to climb over, then it was the duty of the plaintiff to heed the same, and if he failed to do so, and did an act—which he ought to have known to be a dangerous, grossly careless and negligent one—and was injured thereby, then he cannot recover from the defendant in this case by simply showing that the cars were moved without the ringing of the bell or sounding of the whistle.'

"The error being, as it is respectfully submitted:

"a. That this request contained sound propositions of law, applicable to the facts of this case, and was not a charge upon the facts, as his Honor held.

"b. That by this request the defendant desired the attention of the jury to be directed to the law governing the acts of a plaintiff in the face of an obvious, known and apparent danger, and to the law governing the conduct of men of ordinary care and prudence, and that by his refusal his Honor took from the jury such considerations, to the prejudice of the defendant.

"c. That by this request the defendant desired the attention of the jury to be directed to the law governing the conduct of a man of ordinary care and prudence in the face of any sign, signal or warning given by a railroad company that such place was dangerous, and that by such refusal his Honor failed to submit such law to the jury, to the prejudice of the defendant.

"d. That by this request the defendant desired the Court to instruct the jury as to the law governing the conduct of a person of ordinary care and prudence where gates were operated by a railroad company, especially in so far as it affected the question of the contributory negligence of the plaintiff in this case, and that by his refusal his Honor took such questions from the consideration of the jury, to the prejudice of the defendant.

"9. Because his Honor erred in modifying and in not charging defendant's ninth (9) request as follows, to wit:

" '(9) A railroad company has a right in the transaction of its business to block a street with its cars for a reasonable length of time, and in this case if the street was blocked by the cars of the defendant for not more than five minutes, this, of itself, did not give any one the right to climb over and upon the cars of the defendant without its permission or consent, and if the plaintiff did undertake, while the cars of the defendant were across the street, to climb over them without its consent, he thereby became a trespasser and cannot recover for any injuries received by him while upon such cars, unless he proves that such injuries were wilfully, wantonly or intentionally inflicted upon him.'

"The error being, as it is respectfully submitted:

"a. That this request contained sound propositions of law, applicable to the facts of this case, and was not a charge upon the facts, as his Honor held.

"10. Because his Honor erred in not charging defendant's tenth (10) request, as follows:

" '(10) If the evidence shows that the train on which it is alleged the plaintiff was injured did not stop across the

street for an unreasonable length of time, and should further show that the railroad company had gates there for the purpose of warning or notifying the public not to cross when there was danger in doing so, and that on this occasion the gates were down, then, under such circumstances—if they exist—neither the plaintiff nor any one else had any right to enter on such cars, and if they did so, they became trespassers, and cannot recover any damages for injuries received while on the cars, unless such injuries were wilfully or wantonly inflicted, or were inflicted by the negligence of the defendant after he became aware of plaintiff's danger.'

"The error being, it is respectfully submitted:

"a. That this request contained sound propositions of law, applicable to the facts of this case, and was not a charge upon the facts, as his Honor held.

"b. That by this request the defendant desired the attention of the jury to be directed to the law governing the acts of a plaintiff in the face of an obvious, known and apparent danger, and to the law governing the conduct of men of ordinary care and prudence, and that by his refusal his Honor took from the jury such considerations, to the prejudice of the defendant.

"c. That by this request, the defendant desired the attention of the jury to be directed to the law governing the conduct of a man of ordinary care and prudence in the face of any sign, signal or warning given by a railroad company that such place was dangerous, and that by such refusal his Honor failed to submit such law to the jury, to the prejudice of the defendant.

"d. That by this request the defendant desired the Court to instruct the jury as to the law governing the conduct of a person of ordinary care and prudence where gates were operated by a railroad company, especially in so far as it affected the question of the contributory negligence of the plaintiff in this case, and that by his refusal his Honor took such questions from the consideration of the jury, to the prejudice of the defendant.

"e. That by this request the defendant desired the jury to be instructed as to the rule of law governing a person who desired to cross a street where gates were down, and as to the relationship of such person to the railroad company where it appeared that the street was not blocked for an unreasonable length of time, and that by such refusal his Honor prevented the jury from considering such questions, to the prejudice of the defendant.

"11. Because his Honor, after reading sections 2132 and 2139, vol. 1, of the Code, erred in instructing the jury as follows:

" 'And the law under the statute is this, that if a man is injured by negligence of the railroad company, and he himself is guilty of contributory negligence, at any other place than a crossing, he is not entitled to recover, if he is guilty himself of want of ordinary care, if he is guilty of what is known as contributory negligence generally, or want of ordinary care himself as a proximate cause; but where the injury occurs at a crossing, and the railroad company is proved to have violated those requirements of law which require them to give certain signals at a crossing, then, even though that man be guilty of ordinary contributory negligence, that is the lack of ordinary care and diligence, he can recover, because the law says he can recover at a crossing unless he himself is guilty of gross or wilful negligence, or was acting in violation of law, and such negligence was wilful or unlawful and contributed to the injury. So you see that is the distinction here invoked, and that is the distinction between an injury at a crossing and an injury at a place other than a crossing in this State.'

"The errors being, as it is respectfully submitted:

"a. That by this charge his Honor failed to instruct the jury that it was incumbent upon the plaintiff to prove not only that there was a failure to give the signals required by the statute, but that it must appear that such failure contributed to the injury, before the question of the gross or wilful negligence of the plaintiff could be considered

by the jury, and leading the jury to believe that the defense of want of ordinary care on the part of the plaintiff was not a good defense, even though the evidence was not sufficient to make it appear that the failure to give the signals contributed to the injury.

"b. That by this charge his Honor instructed the jury that if there was a failure to give the signals required by the statute, that the plaintiff could recover, even though it did not appear that such failure contributed as a proximate cause to the injury, unless he was guilty of gross or wilful negligence, or was doing an act in violation of law."

*Messrs. Sanders & DePass,* for appellant, cite: *As to liability of appellant under signalling statutes:* Code, 1902, 2139; 63 S. C., 271; 34 S. C., 451. *That gates are lowered is a plain warning to travellers that it is unsafe to attempt to cross:* 63 S. C., 271; 72 S. C., 389; 2 Thomp. on Neg., Sec. 1532; 3 Elliott on R. R., 1784; 5 Am. Neg. R., 110; 83 Wis., 238; 82 Mich., 369; 94 Ala., 277; 19 So., 784; 64 Minn., 415; 140 Pa. St., 19; 166 Pa. St., 354; 50 Conn., 379; 146 Mass., 276; 105 Mich., 386; 118 Pa. St., 230; 154 Mass., 402. *If a traveller is otherwise notified of motion of trains it is not necessary to give signals:* 25 S. C., 61; 3 Elliott on R. R., 1746; 2 Thomp. on Neg., par. 1606; 63 S. C., 271; 72 S. C., 389; 23 S. C., 531; 49 S. C., 12.

*Messrs. Nichols & Jones* and *Stanyarne Wilson,* contra, cite: *Evidence that others passed over bumpers properly admitted:* 65 S. C., 260; 72 S. C., 1. *Stating fact hypothetically is not a charge on facts:* 62 S. C., 334; 72 S. C., 1. *Judge in charge must not refer to anything in dispute:* 47 S. C., 523; 51 S. C., 460; 61 S. C., 563; 63 S. C., 515; 65 S. C., 331; 68 S. C., 161; 71 S. C., 159.

The opinion in this case was filed January 19, but on petition for rehearing, remittitur was held up until

February 5, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff, while climbing between two freight cars across a street, in the city of Spartanburg.

The facts are thus set out in the complaint: "That on the 20th day of June, 1903, the defendant negligently and unlawfully allowed one of its trains to stop for an unreasonable time, fifteen or twenty minutes, across Magnolia street, one of the principal streets of the city of Spartanburg, to the great inconvenience and annoyance of those using the street, including this plaintiff, in violation of his right to said street, and in violation of the ordinance of said city which prohibited the blocking of said public crossing, for a longer period than five minutes.

"That on said day plaintiff was going along said street, and coming to said crossing found it blocked, as aforesaid, by defendant's train. That after waiting a considerable time, the train not moving, and plaintiff being anxious to get out of the rain, also being very unwell, he had to go over said crossing and along said street, by going between two of the cars of said train over the bumpers, which were standing motionless as aforesaid. That while in such act, without any notice or warning, without sounding a whistle or ringing a bell, disregarding the statute law of this State, the defendant company, through its agents and servants, in charge of said train, negligently, unlawfully, recklessly, wantonly, and in utter disregard of plaintiff, caused said train of cars to suddenly and quickly start and move, thereby throwing him down upon its railroad track, running its wheels over his foot, crushing and mangling it and cutting it off, to his great suffering and injury, and to his damage in the sum of two thousand dollars."

The defendant denied all the allegations of the complaint except the corporate existence of the defendant, and the in-

jury of the plaintiff while climbing between the cars, and alleged that: "on the occasion named it was carrying on its business in a lawful way in its yard in the city of Spartanburg, and that while so doing, and after the gates were down—which said gates, under the ordinances of the city of Spartanburg, it was required to keep, maintain and operate across its streets when trains were on said streets— the plaintiff herein, after he knew—or ought to have known—that said gates were down, carelessly and negligently attempted to pass between two of the defendant's cars, to which an engine was hitched, and after he knew that it was likely that said cars would be moved at any moment, and while so doing, in a careless and negligent manner, was injured by the movement of said train in a lawful manner, and that the injury which was received by plaintiff on the said occasion was caused by his own carelessness and negligence in attempting to pass between the two said cars, after he knew—or could have known by the exercise of ordinary and due care and caution—that said train would likely move at any moment, and after due warning had been given that the train, which was then on and across said streets, was there only temporarily, and that it was the intention that the same should be moved at any moment, and that the carelessness and negligence of the plaintiff in so attempting to pass between the said cars, which he knew, or ought to have known, was a dangerous act—caused and contributed to the injury aforesaid."

The jury rendered a verdict in favor of the plaintiff for $500, whereupon the defendant appealed upon exceptions which will be incorporate in the report of the case.

The first question that will be considered is whether his Honor, the presiding Judge, erred in ruling that the plaintiff could introduce evidence to the effect that other persons climbed between the cars and why they did so. The appellant's attorneys realize the fact that the case of *Thomasson* v. *Ry.,* 72 S. C., 1, 51 S. E., 443, sustains said ruling, but asked permission, which was granted,

to review that case.    After careful consideration, the Court adheres to its former ruling.

The next question for consideration is whether the presiding Judge erred in refusing certain requests mentioned in the exceptions on the ground that they were a charge upon the facts.    The rule when facts should be submitted to the jury is thus clearly stated in 16 A. & E. Enc. of Law, 465; et seq., and quoted with approval in Rinake v. Victor Ma'f'g. Co., 55 S. C., 179, 32 S. E., 983, and Wood v. Ma'f'g. Co., 66 S. C., 482, to wit: "The general rule is well known that questions of fact are to be submitted to the jury, and this includes not only cases when the facts are in dispute, but also when the question is as to inference to be drawn from such facts after they have been determined. It will readily be observed that few cases will arise in which there is no question as to the facts involved; the element of ordinary care must from its very character always require the decision of a jury, except where there is a violation of statutory duty or when the facts are undisputed and but one inference can be reasonably drawn from them. And the same is equally true as to the determination of the question of proximate cause, so that the following rules may be stated as applicable to every case. The issue of negligence should go to a jury: 1. When the facts, which, if true, would constitute evidence of negligence, are controverted. 2. When such facts are not disputed, but there may be a fair difference of opinion as to whether the inference of negligence should be drawn. 3. When the facts are in dispute and the inferences to be drawn therefrom are doubtful."

In Lampley v. R. R., 71 S. C., 156, 50 S. E., 773, the Court says: "Negligence is a mixed question of law and fact. It is the duty of the Court to define negligence, but the jury must draw the inference from the facts in each case."

The presiding Judge could not have charged the said requests without intimating to the jury the inference to be drawn from the facts therein so carefully set out in detail. The instructions would have been in violation of art. V., sec. 26, of the Constitution, and were, therefore, properly refused.

We proceed next to consider whether there was error on the part of the presiding Judge in construing sections 2132 and 2139 of the Code of Laws, which are as follows:

"Sec. 2132. A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded, by the engineer or fireman, at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street or traveled place; and if such engine or cars shall be at a standstill within a less distance than one hunhundred rods of such crossing such bell shall be rung, or such whistle sounded, for at least thirty seconds before such engine shall be moved; and shall be kept ringing or sounding until such engine shall have crossed such public highway or street or traveled place."

"Sec. 2139. If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such conduct contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury."

The first assignment of error is, that the presiding Judge ignored the provision of the statute, which requires the plaintiff to prove, not only the failure of the defendant to comply with the statute, but that such failure contributed to the injury as a proximate cause.

At the time the Circuit Judge used the language set out in the exceptions, he was not specially discussing this feature of the statute, but the effect of a lack of ordinary care and gross negligence, on the part of a person injured at a crossing.

He, however, charged the defendant's first request, which was as follows: "Proof of the mere failure to ring the bell or sound the whistle, as required by the statute, before moving cars which may be across a street is not of itself sufficient to warrant a recovery for an injury received by one, while attempting to climb over or between two of such cars, but in order to warrant such recovery the evidence should go further and show that this failure to give the signals required by the statute contributed as a proximate cause to the injury complained of, and if the evidence does not show not only that the signals were not given, but that the failure to give them did contribute as a proximate cause to the injury, then there can be no recovery and the verdict should be for the defendant."

The last question for determination is, whether the Circuit Judge erred in charging that if the defendant failed to comply with the foregoing statutory requirement the plaintiff was entitled to recover, unless it was shown that he was guilty of gross or wilful negligence or was acting in violation of law, and that such negligence or violation of law contributed to the injury.

The appellant, in effect, contends that the lowering of the gates gave warning of the dangerous condition of the track and dispensed with the necessity to comply with the statutory requirements as to ringing the bell or sounding the whistle, at least thirty seconds before the engine was moved when it was at a standstill, within a less distance than one

hundred rods of the crossing; and that the plaintiff under such circumstances cannot recover if he failed to exercise ordinary care, and such failure contributed to the injury.

There are cases in which the law will dispense with the necessity for compliance with the statutory signals at a crossing; and then it is not necessary for the railroad company to show that the party injured was guilty of gross negligence or was acting in violation of the law; as for instance, when a person sees the train approaching a crossing in ample time to avoid the danger of a collision. The reason is because he possesses all the information which the ringing of the bell or the sounding of the whistle was intended to give.

The vital question in this case, therefore, is, whether the lowering of the gates afforded the plaintiff the information, which the ringing of the bell or the sounding of the whistle for thirty seconds before the train moved would have given him.

The lowering of the gates was a general warning of danger at that time in attempting to cross the track, but it did not give any specific information as to the time when the train would move. While, on the other hand, the statute was intended to inform those about to use the crossing, of the specific fact that the train would not move within thirty seconds.

A person who sees a train across a highway knows that it is dangerous to attempt to cross the track at that time; and while the lowering of the gates accentuated this fact, it does not give any particular information.

Therefore, the notice arising from the lowering of the gates did not afford protection equal to that intended by the statute, and does not supersede the necessity for complying with its requirements.

Although the erection of the gates did not supersede the necessity of complying with the requirements of the statute, nevertheless when the warning which they give is ignored,

it strongly tends to show gross negligence on the part of the person injured.

These views practically dispose of all the questions presented by the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

February 5, 1907.    PER CURIAM—After careful consideration of the petition herein, the Court is satisfied that no material question of law or fact has been overlooked or disregarded.

It is, therefore, ordered, that the petition be dismissed and the order herein granted staying the remittitur be revoked.