## 11223

### RICHARDSON *ET AL.* v. N. W. R. CO. OF S. C.

#### (117 S. E., 510)

1. PLEADING—ALLOWING TRIAL AMENDMENT TO ANSWER NOT ERROR, IN ABSENCE OF ABUSE OF DISCRETION.—In the absence of a showing of an abuse of discretion, allowing the answer to be amended at the trial *held* not error.

2. APPEAL AND ERROR—ADMISSION OF EVIDENCE AS TO EXPERIMENTS HELD NOT AN ABUSE OF DISCRETION.—In an action for injuries resulting from a collision beteen an automobile and a train at a crossing, the admission of evidence as to experiments made at the crossing *held* not reviewable, in the absence of a showing of abuse of the trial Court's discretion.

3. APPEAL AND ERROR—NO REVIEW OF REFUSAL TO GRANT NEW TRIAL, IN ABSENCE OF SHOWING OF ABUSE OF DISCRETION.—In the absence of a showing of an abuse of discretion, the ruling of the trial Court in refusing a new trial, though experiments were made before the jury in the absence of the Judge, is not the subject of appeal.

4. TRIAL—IN ACTION FOR INJURIES AT CROSSING CASE, INSTRUCTIONS HELD CHARGE ON FACTS.—In an action for injuries resulting from a collision between an automobile and a train at a crossing, instructions *held* error as being a charge on the facts.

5. TRIAL—ERROR TO DIRECT VERDICT, TESTIMONY BEING SUSCEPTIBLE OF MORE THAN ONE INFERENCE.—Where the testimony is susceptible of more than one inference, it is error for the trial Court to grant a nonsuit or direct a verdict.

Before WILSON J., Sumter, Summer Term, 1921. Reversed and remanded.

Action by Victoria M. Richardson and J. W. Richardson against North Western R. Co. of S. C. Judgment for defendant and plaintiffs appeal.

This action was commenced on January 19, 1920, to recover damages for an alleged injury to person and property

at a public crossing.    It was tried at the summer term, 1921, for Sumter County, before his Honor, Judge John S. Wilson, and a jury, and resulted in a verdict for defendant, on which judgment was duly entered.

Upon the call of the case, without previous notice, the defendant proposed an amendment to its answer, which was allowed over plaintiffs' objection.

During the progress of the case, the jury were taken to the scene of the accident for the purpose of inspecting the surrounding conditions.    While there, the defendant, over the objection of plaintiffs, conducted a series of experiments before the jury, in the absence of the Judge, by running an engine and train of cars up and down over the crossing on which the accident occurred.

The complaint of the plaintiffs, omitting formal allegations, was as follows:

The plaintiffs above named, complaining of the defendant above named, allege:

III. That on or about the 12th day of November, 1919, about 4 o'clock in the afternoon, the plaintiff Victoria M. Richardson was riding in and driving a certain Oakland automobile, of the value of $1,250, belonging to her, over one of the public roads in the County of Clarendon, S. C., and approached a certain crossing where the tracks of the defendant company cross the said road; that as plaintiff approached said crossing she looked to see whether or not any train was approaching, and, failing to see or hear any such train, she continued her course and started over said crossing, but that just as she ran said car onto the track the train of the defendant company ran into said car, completely demolished the same, throwing the said plaintiff therefrom and dragging her for approximately 150 feet down the track, breaking her right arm, bruising, straining, and injuring her, causing her excruciating pain and suffering and considerable expense for medical treatment and medicines, and loss of time, and great inconvenience.

IV. That at the time and place in question the defendant company had negligently and recklessly left one or more box cars on the siding close to the public highway in question, which box cars, to a great extent, obstructed the view so that one on said highway could not see a clear view down the railroad track, thus contributing to plaintiff's injury and damage as a proximate cause thereof.

V. That at the time and place in question it was the duty of the agents and servants of the defendant company in charge of said train to blow a whistle thereon and sound a bell, in order to give the plaintiff Victoria M. Richardson, and the traveling public generally, notice of the approach of said train, as required by the Statute of the State of South Carolina, but on the occasion in question the agents and servants in charge of said train negligently, recklessly, and wantonly failed and refused to give such signals so required by statute, whereby said plaintiff was not warned of the approach of said train, thus contributing to plaintiff's injury and damage as a proximate cause thereof.

VI. That on the occasion in question it was the duty of the agents and servants of the defendant company in charge of said train to keep a proper lookout, and to that end either to run said train in a forward direction, or if same should be backed, to station some one at the rear of said train for the purpose of keeping such a lookout, but that on said occasion the defendant company, its agents and servants, negligently, recklessly, and wantonly backed said train over said crossing and into the plaintiff Victoria M. Richardson, as aforesaid, without maintaining the proper lookout and without warning of its approach, thus contributing to plaintiff's injury and damage as the proximate cause thereof.

VII. That the schedule time or usual time of the passage of the trains of defendant company was well known to said plaintiff, and that, at the time and place in question, according to the schedule and practice of the defendant company, its trains should have been going from St. Paul towards

Summerton, said points being stations along the line of defendant company in the county and state aforesaid, but that on the occasion in question the said train of the defendant company, instead of going from St. Paul towards Summerton, was backing from Summerton towards St. Paul, and coming thus from an unexpected direction, without notice or warning of its approach, ran into and upon said plaintiff and her car, injuring and damaging her as aforesaid.

VIII. That the acts and omissions of the defendant company, its agents, and servants, as herein set forth, were negligent, willful, and wanton, and jointly and concurrently caused the plaintiff's injury as aforesaid, such reckless conduct being further shown by the fact that defendant company did not maintain at said crossing any sign post or sign of railroad crossing as required by law, and that all of such acts and omissions caused the plaintiff Victoria M. Richardson's damage in the sum of $25,000.

The original answer of the defendant was as follows:

I. That it admits the allegations contained in the first and second paragraphs of the complaint, and admits that at about the time and at the place stated in the third paragraph of the complaint, the plaintiff, Victoria M. Richardson, suffered some injury to her person, and that the automobile which she was driving was also damaged and injured, but it denies that it has any knowledge or information sufficient to form a belief as to the nature and extent of such injuries. It denies each and every other allegation contained in the complaint.

II. And for a further defense: That the plaintiff Victoria M. Richardson, in approaching the railroad track, should have exercised ordinary prudence and caution, and this she failed to do. The train in question was in plain and open view of the said plaintiff and had she looked or listened, she would have seen the train, and could have avoided the injury and that her failure to take such precautions was the

sole proximate cause of whatever injury and damage she may have suffered.

III. And for a further defense: That at the place at which the injury is alleged to have occurred to the plaintiff Victoria M. Richardson, and at the time mentioned in the complaint, there was a clear, open view of the railroad track of the defendant from the road used by her, and the train of cars which was alleged to have caused the injury was in plain and open view of the said plaintiff for a long distance before she reached the railroad track. That if she had looked, she would have seen the approach of the train, and had she listened she could have heard it approaching. That she approached the railroad track without looking in the direction from which the train was approaching, and she failed to listen and failed to stop, and failed to take any precaution whatsoever against the approaching train, but without stopping, looking or listening, she so drove the automobile that it went upon the track and was struck by the train; and that, if she had stopped, looked, or listened, she would have seen and heard the train, and the injury complained of would not have happened, and the injury and damage alleged to have been suffered by her was due to her failure to observe the precautions as aforesaid and contributed to bringing about the injury and damage as a proximate cause of such injury and damage.

The amendment to the answer proposed and allowed at the trial was as follows:

And that the plaintiff did not heed the signals and warnings given her on the occasion in question, and attempted to cross defendant's railroad track without the exercise of due or any care upon her part for her own safety, and with knowledge of the presence of the approaching train, or with opportunity or means of acquiring knowledge of its approach, and that such conduct upon the part of the plaintiff was negligent, willful, wanton, and reckless, and that any injury or damage that the plaintiff may have sustained upon

said occasion was brought about and was due to her negligence and· wantonness and willfulness and recklessness in going upon or attempting to cross defendant's railroad track as herein alleged, and that such conduct was in violation of law and that any said alleged injury was due to and arose by her own negligence, willfulness, wantonness, and reckless- 'ness in so going upon or attempting to go upon the defendant's railroad track without the slightest care, combining and concurring with the supposed acts on the part' of the defendant as characterized in the complaint, contributed to the accident as a proximate cause thereof, and without which the same would not have occurred.

The defendant moved for a direction of verdict, which was refused.   The grounds of this motion were as follows:

"May it please the Court, the defendant moves to direct a verdict in his behalf on both causes of action.   Because the testimony does not permit of any other inference from the point of negligence or willfulness; the inference being that whatever injury the plaintiff sustained, if any, either in her property or person, was brought about and occasioned by her own willfulness, her own gross negligence, her failure to use the slightest care in going upon the railroad track upon the time in question.   We have it reduced to writing, and we will read that in connection with what I have said (reading) :   'The plaintiffs having alleged that the view of the railroad was partially obstructed by a box car, which, it is shown, is only about 40 feet in length, and it appearing that there was a distance of 450 feet along the public highway on which Mrs. Richardson was traveling from which the railroad track could have been seen, except for the space obstructed by the car, and it further appearing that the railroad track was in clear view of the plaintiff, Mrs. Richardson, traveling the highway for a distance of 375 feet, and it appearing further, from her own testimony, that she did not stop at all on approaching the crossing, and that she looked in the direction from which the train was coming only three

times on approaching the crossing, viz.:   Once at the point
of the woods when the track came in view; once at a point
15 feet further on, and again when she got on the track, and
it appearing from the testimony that if she had stopped and
looked she would have been obliged to have heard and seen
the train and could have avoided the injury, even if the whis-
tle had not blown or the bell had not been ringing, and
it appearing further that she not only did not exercise due
or ordinary care on approaching and going on the crossing,
but in addition thereto, she was, at the time of the collision
guilty of gross and willful negligence, contributing to her in-
jury as a proximate cause of it, the plaintiffs are not entitled
to recover.' "

The appellant's exceptions are as follows:

1. That his Honor, the trial Judge, erred, it is respectfully
submitted, in permitting the defendant to amend its answer,
on the call of the case, without previous notice of such
amendment, for the reasons that such amendment substan-
tially changed the defense, and set up a new defense, and
the Court was without authority of law to permit it, and for
the further reason that, even if the Court had authority,
there was nothing to show why notice was not given, no
reason why the amendment had been delayed until the call of
the case, and, under the circumstances, it was an abuse of the
Court's discretion to allow the amendment.

2. That his Honor, the trial Judge, erred, it is respectfully
submitted, in permitting the witness, H. D. Moise, to testify,
over the objections of the plaintiffs, to certain experiments
made by him at the scene of the accident a few days before
the trial, for the reason that there was no showing that the
conditions surrounding such experiments were the same or
substantially the same as those surrounding the accident, and
said testimony was therefore incompetent, irrelevant, and
prejudicial.

3. That his Honor, the trial Judge, erred, it is respectfully submitted, in charging defendant's seventh request, as follows:

"I charge you that if you find from the testimony that Mrs. Richardson, the plaintiff, failed to observe such a slight precaution as to look for approaching trains before driving upon the crossing, that would be gross negligence, and she could not recover, if such negligence contributed to the injury as a proximate cause, as the law requires every capable person to exercise his or her senses before going upon a railroad track; in other words, the law says when you are approaching a railroad track you must look and listen, and that, if you do not look and listen, that is gross negligence."

Said error being that the charge was a charge on the facts, in violation of the Constitution of the State, in that it undertook to advise the jury what facts would constitute gross negligence.

4. That his Honor, the trial Judge, erred, it is respectfully submitted, in charging the following portion of defendant's eighth request, to wit:

"Now, I charge you that it is gross negligence for a person to go upon the track in front of an approaching train without exercising such person's senses, that this is gross negligence.   *   *   *"

Said error being that the charge was a charge on the facts, in violation of the Constitution of the State, in that it undertook to advise the jury what facts would constitute gross negligence.

5. That his Honor, the trial Judge erred, it is respectfully submitted, in charging the following portion of defendant's ninth request to charge, to wit:

"I charge you that the going upon a railroad track at a public crossing or traveled place without the use of slight care, such as listening and looking for the approach of engines and trains, or exercising one's sense of sight and hearing is more than the lack of mere ordinary care, but is, in

itself, gross negligence or willful negligence, or is an unlawful act."

Such error being that said charge is a charge on the facts, in violation of the Constitution of the State, in that it undertakes to advise the jury what facts would constitute slight care and gross negligence.

6. That his Honor erred, it is respectfully submitted, in charging the following portions of the defendant's ninth request to charge, to wit:

"While it is true that the law requires the signals to be given as prescribed by the Crossing Act (Civ. Code 1912, § 3222), it also requires every person of ordinary prudence and care in using or attempting to use public crossings or traveled places, as defined by said act, to use ordinary care in so doing, and that the law imposes upon every capable person the duty of observing due care for his or her own safety when about to cross a railroad track; and the due care in the use of a railroad crossing necessarily involves the exercise of one's sense of sight and hearing, and the 'failure to use or exercise such due care is gross negligence; and if the jury should find that the plaintiff was guilty of gross negligence in failing to use ordinary care in going upon the defendant's railroad track, and that such failure contributed as a proximate cause to plaintiff's alleged injury, then the plaintiff cannot recover."

Such error being that in said charge his Honor erroneously defined "gross negligence," in charging the jury that it was the failure to use ordinary care, and charged the jury on the facts in violation of the Constitution of the State, in that he advised the jury of what facts would constitute negligence and gross negligence.

7. That his Honor erred, it is respectfully submitted, in charging the following portions of defendant's ninth request to charge, to wit:

"That, while it is true that a presumption of negligence arises where it is shown that the statutory signals were not

given and that a recovery can be had if such failure contributed as a proximate cause to the injury, still no recovery can be had, even if the statutory signals were not given, if the jury finds from the testimony that the plaintiff knew of the approach of the train in time to have avoided a collision or if, the exercise of her senses of sight and hearing—and the exercise of which the law imposes upon every person—she could have ascertained the approach of the train and thereby avoided the collision, then she cannot recover.    *    *    *"

Such error being that the said request contained an erroneous proposition of law, in that it assumed that a failure to see a train or hear it, in every case where it was possible to see or hear it, constituted a bar to the action, and, further, that the said request constituted a charge on the facts, in that it charged the jury that the mere failure to see or hear a train in every case where it was humanly possible to have seen or heard it, in the absence of the statutory signals, constituted gross or willful negligence, or an unlawful act.

8. That his Honor, the trial Judge, erred, it is respectfully submitted, in charging the jury the following portion of the defendant's ninth request, to wit:

"There is no rule of law which relieves or absolves a person from looking out for a train when attempting to cross a railroad track, though the whistle may not blow or the bell not ring, but the traveler must use ordinary care, and that involves the use of all of his senses, and it is for the jury to dtermine whether, under the circumstances of each particular case, the traveler used reasonable care; so that the jury is charged in this case that, even if the defendant did not give the statutory signals, that did not relieve the plaintiff from using ordinary care and using her senses in going upon the railroad track, and, if the jury finds that the failure to use ordinary care and the failure to use her senses—if they find that she so failed—and that such failure contributed as a proximate cause to her injury, then she cannot recover.

As I have already charged you, and again charge you, that the failure to use ordinary care to exercise the senses that the law imposes upon every capable person is gross negligence, and that such negligence will operate to bar and defeat a recovery upon the part of the plaintiff, if the jury finds that she was guilty of gross negligence."

Such error being that the charge involves an erroneous proposition of law, in that it instructs the jury that the failure to give the statutory signals does not relieve a traveler of the duty to use ordinary care, that the charge is on the facts, in that it instructs the jury that ordinary care consists in the exercise of all of the traveler's senses, and that the charge is erroneous in point of law,, in that it contains the assertion that the failure to use ordinary care in going on the track constitutes gross negligence, and bars and defeats a recovery.

9. That his Honor erred in charging the jury as follows, at the close of his regular charge:

"Mr. Jennings: Then your Honor holds that the jury cannot consider anything but the box car?

"The Court: Yes, sir; I said they can take into consideration the box car and the wood."

In that the said charge excluded from the jury consideration of the house, the cherry tree, and the bushes as obstructions to the plaintiff's view, said error being that the jury, on the issue of contributory negligence and contributory gross negligence, had the right to consider all obstructions and the entire circumstances and situation, and his Honor should have so held.

10. That his Honor, the trial Judge, erred in not granting plaintiff's motion for new trial, on the grounds urged, to wit:

(1) That the jury conducted experiments at the scene of the accident over the objection of plaintiff, and without the presence of the Court.

(2) That his Honor erred in charging the jury that they should consider no obstructions to plaintiff's view except the box car and wood; such error being that said grounds for new trial were and are meritorious.

The respondent gave due notice that it would, on the hearing in the Supreme Court, seek to sustain the judgment appealed from on the following additional grounds:

I. That the respondent's motion for a nonsuit should have been granted for the reasons therein stated, and set out in the case herein, to which reference is hereby made.

II. That the respondent's motion for a direction of verdict herein should have been granted for the reasons therein stated, and set out in the case herein, to which reference is hereby made.

*Mr. L. D. Jennings,* for appellants, cites: *Error to allow amendment to answer:* 92 S. C., 33. *Error to charge that failure to use ordinary care would defeat recovery:* 113 S. E., 277; 30 S. C., 218; 106 S. C., 123; 47 S. C., 375; 41 S. C., 19; 109 S. E., 123.

*Messrs. Purdy & Bland* and *Tatum & Wood,* for respondent, cite: *Failure to look and listen at crossing is gross negligence:* 94 S. C., 143.

May 8, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appellants' attorney relies upon four propositions for a new trial, which are as follows:

"(1) It was error to allow the amendment to the answer.

"(2) Testimony as to experiments was incompetent.

"(3) It was error to refuse a new trial when experiments were made before the jury, in the absence of the Judge.

"(4) The charge of the Court was erroneous in point of law, and was a charge on the facts."

The propositions numbered 1, 2, and 3 involve questions that were addressed to the discretion of his Honor, the

presiding Judge, and are not the subject of appeal, unless there was an erroneous exercise of such discretion, which has not been made to appear.

The proposition numbered 4 must, however, be sustained. The rule when facts should be submitted to the jury is thus clearly stated in *A. & E. Enc. of Law,* 465 et seq., and quoted with approval in *Rinake v. Victor Manufacturing Co.,* 55 S. C., 179; 32 S. E., 983. And *Wood v. Manufacturing Co.,* 66 S. C., 482; 45 S. E., 81:

"The general rule is well known that questions of fact are to be submitted to the jury, and this includes not only cases when the facts are in dispute, but also when the question is as to inference to be drawn from such facts after they have been determined. It will readily be observed that few cases will arise in which there is no question as to the facts involved; the element of ordinary care must from its very character always require the decision of a jury, except where there is a violation of statutory duty or when the facts are undisputed, and but one inference can be reasonably drawn from them. And the same is equally true as to the determination of the question of proximate cause, so that the following rules may be stated as applicable to every case. The issues of negligence should go to a jury: (1) When the facts, which, if true, would constitute evidence of negligence, are controverted. (2) When such facts are not disputed, but there may be a fair difference of opinion as to whether the inference of negligence should be drawn. (3) When the facts are in dispute and the inferences to be drawn therefrom are doubtful."

See, also, *Weaver v. Ry.,* 76 S. C., 49; 56 S. E., 657; 121 Am. St. Rep., 934.

Tested by these authorities, the exceptions upon which the fourth proposition is based must be sustained.

The respondent's attorneys gave notice that the defendant would seek to sustain the judgment in its favor, on the grounds therein mentioned. As the

testimony was susceptible of more than one inference, it would have been erroneous to have granted a nonsuit or directed a verdict in favor of the defendant.

Reversed, and remanded for a new trial.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE COTHRAN: I concur upon the ground of error in the Judge's charge, which converted ordinary negligence into gross negligence, and permitted the defendant in a case under the crossing statute to defeat a recovery by the plaintiff upon proof of the plaintiff's ordinary negligence.