PARSONS v. CHARLESTON CONSOLIDATED RY., GAS & ELECTRIC CO.

ELECTRIC COMPANIES—NEGLIGENCE.—The failure of an electric company to keep its wires insulated, so that a wire strung above them and falling across them becomes charged and causes the death of a pedestrian coming in contact with it, is a breach of duty to the public, without respect to its actual knowledge of the fallen wire or its diligence in discovering it.

Before            •        J., Charleston,           .    Affirmed.

Action by Mary Parsons, administratrix of Geo. Parsons, against Charleston Consolidated Railway, Gas and Electric Co. and Gordon Telephone Co. From order overruling demurrer, Charleston Consolidated Railway, Gas and Electric Co. appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *As to liability of appellant:* 31 L. R. A., 572; 56 Ill. Ap., 378; 19 So. R., 695; 12 Am. Neg. R., 321; 179 Pa. St., 482; 25 S. E. R., 377; 30 Pac., 403; 7 Wall., 52; 50 Fed. R., 810.

*Messrs. Nathans & Sinkler,* for plaintiff, contra, cite: *As to allegation of notice:* 13 Johns., 339; 35 S. C., 406. *Want*

20—69

*of notice is negligence:* 45 S. C., 158 ; 100 Mass., 156 ; 40 W. Va., 61 ; 16 Ency., 448 ; 4 Hun., 318 ; 100 Ky., 175 ; 34 Lara, 370 ; 34 L. R. A., 880.

June 25, 1904.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff, administratrix of Edward Parsons, alleges that her intestate's death was caused by coming in contact with a wire of the defendant, Gordon Telephone Company, which, having fallen across the wire of the Charleston Consolidated Railway, Gas and Electric Company, was highly charged with electricity.   The liability of the telephone company is not involved in this appeal.   In the complaint it is alleged that the wires of the Charleston Consolidated Railway, Gas and Electric Company, from which the fatal current was transmitted to the telephone wire, "were defectively, insufficiently, carelessly and negligently insulated, and the said defendant, its agents and servants, were well aware of said want of insulation, or could have been aware of the same by the exercise of proper diligence."

The Charleston Consolidated Railway, Gas and Electric Company interposed the following demurrer to the complaint : "That the same does not state facts sufficient to constitute a cause of action against the defendant, Charleston Consolidated Railway, Gas and Electric Company, in that there is no allegation in the complaint, either that the said Charleston Consolidated Railway, Gas and Electric Company had notice of the fact that a wire of the Gordon Telephone Company had broken and fallen across one of its wires between Meeting and Anson streets, or that sufficient length of time had elapsed after the breaking of the said wire and the falling of the same over the wire of this defendant for the same to have been discovered by the Charleston Consolidated Railway, Gas and Electric Company, by due diligence or proper care."

From an order overruling the demurrer, the Charleston Consolidated Railway, Gas and Electric Company appeals.

By the demurrer, appellant, in effect, submits to the Court this proposition: Admitting that the wires of the Charleston Consolidated Railway, Gas and Electric Company were strung below the telephone wires, and "defectively, insufficiently, carelessly and negligently insulated," and that that fact was known to the Charleston Consolidated Railway, Gas and Electric Company, or could have been known to it by the exercise of proper diligence, yet that company, as a matter of law, would be exempt from liability for death of a pedestrian who without fault came in contact with a telephone wire which had fallen across the negligently insulated wire, and received the deadly charge from it, unless the Charleston Consolidated Railway, Gas and Electric Company had notice that the telephone wire had fallen across its wire to the street, or a sufficient length of time had elapsed after the fall and contact for the company to discover it by the exercise of due diligence.

The extent to which wires conveying deadly electric currents should be insulated or otherwise guarded must be decided by the jury under the facts of each case. No rule of law can be laid down on the subject. *Bridger* v. *Railroad Company,* 25 S. C., 24.

The rule as to the degree of care in the use of electricity is the same as in the use of steam and other agencies—the care must be proportionate to the danger. In determining the danger, it is the duty of those in control to have in view all the surroundings, including the contiguity of other wires and their liability to fall and come in contact with the dangerously charged wire. As said by the Supreme Court of New Jersey in *Anderson* v. *Jersey City Electric Light Co.,* 43 Atl., 655: "Care, in this sense, means more than mere mechanical skill: it includes circumspection and foresight with regard to reasonably probable contingencies." The failure to adopt all usual appliances and methods to prevent contact and hurtful discharge of the current through another wire, is a breach of duty to the public. This view is supported by the almost unbroken current of authority. *City Electric*

*Street Ry. Co.* v. *Conery,* 31 L. R. A., 570 (Ark.) ; *Huber* v. *La Crosse City Ry. Co.,* 31 L. R. A., 583 (Wis.) ; *McKay* v. *Southern Bell Telephone & Telegraph Co.,* 31 L. R. A., 589 (Ala.), and extended note to these cases; *Electric Railway Co.* v. *Shelton,* 24 Am. St. Rep., 614 (89 Tenn., 423) ; *Anderson* v. *Jersey City Electric Light Co.,* 43 Atl., 654 (N. J.) ; *Perham* v. *Portland General Electric Co.,* 40 L. R. A., 799, 53 Pac., 14 (Ore.) ; *Koplan* v. *Boston Gas Co.,* 177 Mass., 15.

Hence, when the plaintiff states that the discharge of the fatal current from appellant's heavily charged wire through the telephone wire was due to defective and negligent insulation, a good cause of action is stated.

Having held that a good cause of action is stated against appellant, without regard to its actual knowledge of the fallen wire or its diligence in discovering it, it follows that the demurrer cannot be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.