7434

MARTIN v. COLUMBIA STREET RAILWAY, LIGHT AND
POWER CO.

1. ISSUES—NEGLIGENCE—RAILROADS.—There being evidence tending to
   show negligence of the carrier: (1) in running its street car at a
   greater rate of speed than allowed by the city ordinance, (2) in fail-
   ing to give proper signals, (3) in running the car without a headlight
   in violation of the city ordinance, the issue of proximate cause of
   injury was properly sent to the jury.
2. APPEAL.—Error of trial Judge in stating issues should be called to
   his attention if it is to be made the basis of an appeal.
3. REQUESTS.—Substantially covering a request in the general charge is
   not refusing it.
4. CHARGE—NEGLIGENCE.—The whole charge construed together held
   not to fix as the standard of care the "ordinary woman," but a
   person of ordinary care and prudence.
5. IBID.—RAILROADS—LOOK AND LISTEN.—Giving the request asked as
   to duty of one crossing a street-car track to look and listen in the
   form submitted would have been to instruct the jury what acts
   constitute negligence.

Before GAGE, J., Richland.   Affirmed.

Action by Susan Martin, administratrix of Mary Martin,
against Columbia Street Railway, Light and Power Co.
From judgment for plaintiff, defendant appeals on the fol-
lowing exceptions:

"It is submitted that his Honor erred as follows:

1. "In that his Honor should have sustained defendant's
motion for a nonsuit, at the close of plaintiff's testimony,
on the ground that plaintiff's testimony admitted of no other
conclusion than that deceased contributed to her injury and
death by her own negligence, and that her own negligence
was a proximate cause of her death.

2. "In saying to the jury, after reciting the allegations in
the complaint: 'The defendant, the railroad company,
charges in the answer that the thing was the result of the
negligence of the woman; that she brought it on herself,

and that while she was there a car was passing on the Southern Railway, overhead, and she was looking at that car and not regarding the street car down below, the street car hit her and killed her, and that it was one of those accidents unavoidable, and for which the railroad company is not liable.  These are the issues made by the pleadings.' This was a mistaken and misleading statement of the issues raised, as the defendant in no way claimed that the accident was unavoidable, and such a statement did not give the defendant the benefit of its plea of contributory negligence.

3. "In failing to charge the jury, in accordance with defendant's 16th request, as follows: 'If you believe from the evidence, that both plaintiff and defendant were negligent, so that the negligence of each, acting at one and the same time, caused the injury complained of, and that the injury would not have happened from the negligence of one of them alone, but only from both, as the proximate cause, then the plaintiff can not recover.'  His Honor failed to tell the jury that defendant might have been negligent, and that its negligence might have been a proximate cause of the injury, and yet, if the negligence of plaintiff's intestate was also a proximate cause, plaintiff could not recover.  In this way plaintiff was deprived of its defense of contributory negligence.

4. "In instructing the jury as follows: 'If, however, you come to the conclusion that the woman did what an ordinary woman would have done, that she exercised the care that an ordinary woman would have done; in other words, that she was not negligent, then you go one step further and you inquire whether the railroad company failed in the duty which it owed to the woman.'  By this his Honor fixed as the standard the conduct of an 'ordinary woman,' and so gave a lower standard than the conduct of 'a person of ordinary care and prudence.'

5. "In refusing defendant's 10th request to charge, as follows: 'If you find from the evidence, if any, that the

place of the accident was on a crossing, and that the deceased did not stop to look and listen before attempting to cross, where the car was not far distant, and could have been visible to a person possessing ordinary faculties, if such person had looked, and that such failure to stop in order to look and listen was the proximate cause of the injury, or a cause without which the negligence of the defendant, if any there was, would not have been able to produce the injury, then your verdict must be for the defendant.' And in further charging the jury: 'Now, what duty did she owe to it? I must leave that question to the jury, because it is a matter about which one or more conclusions may be drawn; and whenever there is a difference of opinion about whether the woman was careful, or not, it is a matter to be submitted to the jury. Nor can I tell you what the woman ought to have done. I dare not say that she must stop at the·street car track and look up and down and listen, because to do that would invade the province of the jury. There might be a time when she ought to do that; circumstances might show that she ought to do that; but that is a question to submit to the jury. So I submit to you whether or not a woman who intended to cross a street car track in the night time, when the sky was overcast and when it was dark—whether or not the dictates of prudence and carefulness would call upon her to stop, look and listen. If so, she ought to have done it. What she ought to have done, in any case, is a question for the jury.' The error being that his Honor should have instructed the jury that it is the duty of one crossing a railway track to use his senses of sight and hearing, and that his Honor should have not left it to the jury to say whether or not the woman owed such a duty. The charge was misleading, and left it to the jury to determine intestate's duty."

*Messrs. Barron, Moore & Barron* and *R. B. Herbert,* for appellant, cite: *Deceased was guilty of contributory*

*negligence in not looking out for cars:* 56 S. C., 91; 58 S. C., 222; 5 S. C., 221; 26 L. R. A., 300; 2 White on Per. Inj., sec. 1004-6, 1008; sec. 33, Nellis on St. R. R. Ac. L.; 2 St. Ry. R., 507; 3 St. Ry. R., 747, 661; 58 S. C., 491; 72 S. C., 336; 77 S. C., 328; 78 S. C., 374; 72 S. C., 389; 7 Ency., 433. *Unavoidable accident:* 8 Words and Phrases, 7149; 59 Fed., 394; 35 S. W., 488; 12 Fed. Cas , 283; 56 S. C., 91; 58 S. C., 222. *Duty to look and listen:* 5 S. C., 224; sec. 1004 of 2 White on Per. Inj. on R. R.

*Messrs. Jno. J. Earle* and *R. Beverly Sloan,* contra: *Presumption is deceased stopped to look and listen:* 191 U. S., 461. *Rights of pedestrains at street railway crossings:* Nellis on St. Ry Ac. L., 245; Booth on St. Ry. L., 412; 4 Elliott on R. R., 166; 97 N. W., 243, 43 S. E., 618; 26 Wash., 606, 56 S. E., 1016; 80 Md., 602; 165 Mass., 36; 64 S. E., 570; 44 Fla., 383; 64 Atl., 931; 63 Atl., 726; 37 L. R. A., 378; 123 Cal., 275; sec. 33, Nellis St. Ry. Ac. L.; 83 S. C., 354, 325; 81 S. C., 193. *Misstating issues:* 74 S. C., 318; 72 S. C., 361; 68 S. C., 392, 37; 67 S. C., 136; 63 S. C., 290; 62 S. C., 549. *Contributory negligence:* 73 S. C., 500; 61 S. C., 556, 468; 60 S. C., 153; 59 S. C., 321, 535. *The look and listen rule applicable to steam railways does not apply to street railways:* Nellis on St. Ry. Ac. L., sec. 33; 27 Ency., 80; Beach on Con. Neg., 378; 4 Elliott on R. R., 167, and citations under each.

February 16, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, arising out of the alleged negligence of the defendant, in causing the death of plaintiff's intestate.

The complaint alleges: "That in the evening, on or about the 23d day of October, 1906, the defendant, while running one of its cars on one of its tracks on Gervais street, at or near its intersection with Laurens street, on a down grade, in the said city of Columbia, at a rapid rate of speed, and

in violation of law, without warning or signal, and without having air brakes or other brakes than hand brakes on said car, and without having a fender on said car, and without having the headlight of said car lighted, carelessly, negligently, wilfully, and recklessly ran on and against said Mary Martin, who was crossing said Gervais street diagonally, facing almost in the direction in which said car was being run, and with her back towards said car, and who was in the act of crossing said track, knocking her down, running over her and dragging her body along the track of said defendant, causing the death of her, the said Mary Martin."

His Honor, the presiding Judge, instructed the jury that there was no testimony tending to show that the plaintiff was entitled to punitive damages.

The jury rendered a verdict in favor of the plaintiff for one thousand dollars, and the defendant appealed upon exceptions which will be set out in the report of the case. We proceed to consider them in regular order.

First exception: There was testimony tending to prove negligence on the part of the defendant in three particulars: (1) in running the street car at a greater rate of speed than was allowed by the ordinance of the city, which is negligence *per se, Dyson* v. *Ry.,* 83 S. C., 354; (2) in failing to give proper signals; and, (3) in running the car without a headlight, a violation of the city ordinance.

Under these circumstances, the question as to the proximate cause of the injury was properly submitted to the jury.

Second exception: In the case of *Brickman* v. *Ry.,* 74 S. C., 306, 54 S. E., 553, a similar exception was overruled, on the ground that "when the presiding Judge errs, in stating the issue raised by the pleadings, it is incumbent on the parties to call his attention to such error, if it is to be made the basis of an appeal." Numer-

ous other cases, sustaining this principle, are cited in the argument of the respondent's attorneys.

Third exception: In commencing his charge the presiding Judge said: "I am going to take the liberty of not reading over these requests to the jury. I am going to pass on them in my general charge and cover all the requests, which, in my judgment, are pertinent and correct."

It will thus be seen that there was not a refusal to charge the request; and, in the general instructions, it was substantially charged.

Fourth exception: When the portion of the charge set out in the exception is considered in connection with the entire charge, it will be found to be free from error.

Fifth exception: The presiding Judge was not requested to charge simply, "that it is the duty of one, crossing a railroad track, to use his senses of sight and hearing." He could not have charged what facts would constitute contributory negligence in the particular case, without invading the province of the jury.

In the case of *Weaver* v. *Ry.*, 76 S. C., 49, 56 S. E., 657, the rule is thus stated: "The presiding Judge could not have charged the said requests without intimating to the jury the inference to be drawn from the facts therein so carefully set out in detail. The instrucetions would have been in violation of article V, section 26 of the Constitution, and were, therefore, properly refused."

·Furthermore, the presiding Judge charged the jury fully as to the duty resting upon a person attempting to cross a railroad track.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.