## 8033

### LUNDY v. SOUTHERN BELL TELEPHONE AND TELE-GRAPH CO.

1. EXCEPTIONS not argued are considered withdrawn.
2. EVIDENCE—MASTER AND SERVANT.—If refusal to admit in evidence notice of danger signed by servant that he knew the work was hazardous and would take precautions to protect himself from danger was error, it was not prejudicial, as it was shown he was an experienced lineman, and there was other testimony that he had knowledge of that fact.
3. ELECTRIC COMPANIES—CITIES AND TOWNS.—Charge as to liability of a city permitting construction of electric lines on its streets, even if erroneous, was not prejudicial to appellant, and when construed with the whole charge is not subject to the objection that the jury were not instructed that the electric company was not liable unless its negligence was the proximate cause of the injury.
4. ELECTRIC COMPANIES—NEGLIGENCE.—Those operating electric wires in streets are required to exercise a very high degree of care in their construction, repair, inspection and maintenance to prevent injury to others.
5. IBID.—IBID.—ISSUES.—Where wires are properly suspended their breaking or falling, whereby they become charged with a dangerous current from wires underneath, would not render the company liable for an injury resulting in the absence of negligence, and that is a question for the jury.
6. IBID.—IBID.—Failure to adopt all usual appliances and methods to prevent contact and harmful passage of the current through another wire is a breach of duty to the public.
7. IBID.—REQUEST as to duty of lineman to ascertain condition of wires before using them as a support properly refused as a charge on the facts.

8. MASTER AND SERVANT.—REQUEST as to duty of servant who has the choice of two ways to perform an act properly refused, as not applicable to the facts of this case.

9. PUNITIVE DAMAGES.—There was testimony here tending to show plaintiff was entitled to punitive damages.

10. ELECTRIC COMPANIES—NEGLIGENCE—ISSUES.—Those in charge of electric wires must use such care in their maintenance as is proportioned to the danger, and the degree of care is for the jury under all the circumstances. They are not required to keep their wires *perfectly insulated*, nor to use the *utmost care* to keep them in that condition.

Before DeVORE, J., Richland, May, 1910.   Reversed.

Action by Minnie C. Lundy, administratrix of Charles Lundy, against Southern Bell Telephone and Telegraph Company and Columbia Electric Street Railway, Light and Power Company. The defendant, Telephone Company, appeals on the following exceptions:

1. "That his Honor erred in allowing the plaintiff, Mrs. Minnie C. Lundy, to testify, over the objection of defendant's counsel, that since the death of her husband she had been working in a hosiery mill for the support of herself and child; that prior to her marriage she had not been accustomed to do that kind of work, but that since her husband's death she had been compelled to do that kind of work for support.

"The error being that said testimony was irrelevant, in that it was not responsive to any allegation of the complaint and did not tend to prove any element of damage for which the defendants were responsible, and was prejudicial to the defendants, in that it tended to inflame the minds of the jury by showing that by reason of the alleged negligence of the defendants the plaintiff had been subjected to unusual and unaccustomed hardships.

2. "That his Honor erred in permitting the witness, Talley Harth, to testify, over objection of defendant's counsel, as follows: What practice or rule or regulation did

you adopt with reference to your linemen going upon this pole, with regard to the use of gloves? Did you have any or none? I did not require them to use gloves in working on telephone wires. In your opinion, as representing the city and in control of that, did you consider it necessary or proper to make any such regulation?

" 'Mr. Belser: We object. His opinion is not competent, and speculative.

" 'The Court: I think he can express his opinion.

" 'I saw no reason why he should wear rubber gloves to handle telephone wires any more than to handle a telephone.'

"The error being that it was solely for the jury to say, under the facts of the case, whether or not the failure of the deceased to wear rubber gloves was negligent, and it appearing that the deceased was in the employ of the witness at the time of the accident, and the witness being a stranger to both defendants, any regulations which he may or may not have adopted, or his opinion as to whether or not such regulation was proper or necessary, was entirely incompetent, and the jury may have concluded that the deceased, having obeyed the regulations and used all precautions required by the witness, as his employer, was not negligent in the failure to use rubber gloves, as charged in this defendant's answer.

3. "That his Honor erred in not admitting in evidence the 'notice to employees,' signed by the deceased, and reading as follows: 'Southern Bell Telephone and Telegraph Company. Notice to All Employees. The attention of linemen, inspectors, repairmen, and all employees of this company, having occasion to climb poles or work upon the same, or in or upon the underground conduits of this company, or upon the central office apparatus, or any other part of the property of this company, is hereby called to the hazardous conditions surrounding such work.

" 'Every such employee is hereby notified to carefully inspect each pole before climbing same, and to thoroughly

test each and every pole, both above and below the surface of the ground, to avoid accidents. Cross-arms, platforms, steps, and other attachments placed upon poles, should be carefully inspected before depending upon same for support.

" 'All employees of this company, who have occasion to work on the pole lines, and other parts of the property or plant of this company, where there are high current wires, owned either by this company or other companies, or persons or firms, are specially warned of the extra hazardous conditions surrounding such work, and notified to observe such extra caution as the conditions require, and in each and every instance to be provided with rubber gloves, and all other available means of protection.

" 'Each and every employee of this company is required to provide themselves with such tools as may be necessary for them to perform the labor for which they are employed by this company. Southern Bell Telephone and Telegraph Co., W. T. Gentry, Vice President and Gen'l Manager.

" 'I, the undersigned, hereby acknowledge receipt of the above rule and notice, and acknowledge that I have carefully read the same, am acquainted with its provisions, and recognize its utility. (Signed) Charlie Lundy, Employee. Dated this third day of August, 1904.'

"The error being that said paper was competent, in that the signature of the deceased thereto had been identified and proven by the witness, R. F. Walker, and said paper was relevant, in that it tended to show knowledge on the part of the deceased of the dangers and perils of the place in which he was working at the time of his death, and of the precautions which should and could be used to obviate and escape such dangers.

4. "That his Honor erred in not admitting in evidence the 'notice to employees,' signed by deceased, marked Exhibit 'I' for identification, and reading as follows: 'The Southern Bell Telephone and Telegraph Company. Notice to

All Employees. The attention of linemen, inspectors, repairmen, and all employees of this company, having occasion to climb poles or work upon the same, or in or upon the underground conduits of this company, or upon the central office apparatus, or any other part of the property of this company, is hereby called to the hazardous conditions surrounding such work.

" 'Every such employee is hereby notified to carefully inspect each pole before climbing same, and to thoroughly test each and every pole, both above and below the surface of the ground, to avoid accidents. Cross-arms, platforms, steps, and other attachments placed upon poles, should be carefully inspected before depending upon same for support.

" 'All employees of this company, who have occasion to work on the pole lines, and other parts of the property or plant of this company, where there are high current wires, owned either by this company or other companies, or persons or firms, are specially warned of the extra hazardous conditions surrounding such work, and notified to observe such extra caution as the conditions require, and in each and every instance to be provided with rubber gloves, and all other available means of protection.

" 'Each and every employee of this company is required to provide themselves with such tools as may be necessary for them to perform the labor for which they are employed by this company. Southern Bell Telephone and Telegraph Co., W. T. Gentry, Vice President and Gen'l Manager.

" 'I, the undersigned, hereby acknowledge receipt of the above rule and notice, and acknowledge that I have carefully read the same, am acquainted with its provisions, and recognize its utility. (Signed) Charles Lundy, Employee. Dated this ———— day of ————.'

"The error being that said paper was competent, in that the signature of the deceased thereto had been identified and proven by the plaintiff, Mrs. Minnie C. Lundy, and said

paper was relevant, in that it tended to show knowledge on the part of the deceased of the dangers and perils of the place in which he was working at the time of his death, and of the precautions which should and could be used to obviate and escape such dangers.

5. "That his Honor erred in charging plaintiff's first request to charge, as follows: 'Where a city has authorized a telephone and electric light and power company to use its streets and public places to erect the necessary poles and string its wires thereupon, and to otherwise permit and allow them to conduct and operate their business in the usual manner of telephone and electric light and power companies, such city does not thereby assume or become chargeable with the duty of inspecting such poles and lines, nor maintaining them in safe condition for the protection of persons using the streets or using such poles in the performance of their duties, but its duty extends only to the general supervision over such companies, and it is only liable for injuries caused by defects when it itself has been negligent, after actual or constructive notice of any defect. The duty of properly maintaining, operating and inspecting their poles and wires, and taking the proper care to protect all persons who have a right to use such poles or to come in proximity to the wires strung thereon, rests upon the telephone or electric companies so operating and maintaining such poles and wires, and if any person is injured by the negligence of such companies on account of a failure to erect the poles and string the wires properly, and to keep the same in safe and proper condition by reasonable and proper inspection, such company or companies are liable therefor.'

"The error being: (a) That said request does not state a correct proposition of law in regard to the duties of a city along whose streets electric and telephone lines are constructed and maintained, when applied to the case at bar, in that it is alleged in the complaint, and appears by the

testimony, that the city of Columbia and deceased bore to each other the relation of master and servant, and the fact that deceased, at the time of his death, was at work for his master, the city of Columbia, on the poles of this defendant, does not absolve said city from the duties which it owed to the deceased as master. (b) That he failed to instruct the jury, in connection therewith, that in order to render such electric or telephone company liable, its or their negligence must be the proximate cause of the injury sustained.

6. "That his Honor erred in charging the plaintiff's second request to charge, as follows: 'Where wires charged with a deadly current of electricity are strung along the streets of a city, the degree of care required to prevent injury to property or persons on the streets or who have the right and duty to go about or in proximity to such wires, is governed by the amount of danger attending such use of the highways by the owner of the wires, and it is a general proposition that electricity is an invisible and impalpable force, highly dangerous to life and property, and those who make, sell, distribute, use or handle it are bound to exercise care in proportion to the danger involved, and that those using the public streets for electric wires carrying a dangerous current are bound to use a very high degree of care in the construction, repair, inspection and maintenance of such lines to prevent injury to those lawfully going upon such ways, or who may come in contact with such wires.'

"The error being: (a) That it was a charge upon the facts, in that it was for the jury to say what degree of care should be exercised by this defendant under the circumstances of the case. (b) That this defendant was only bound to use ordinary care, and not a very high degree of care, under the circumstances of the case. (c) That said charge was erroneous and misleading, in that it failed to distinguish between the duty owed an electric lineman in the position of plaintiff's intestate, at work upon defendant's

pole, and the general public, passing along the public streets and highways, and held this defendant to the same degree of care to prevent injury to persons lawfully at work upon its poles, where the public have no right to go, as to prevent injury to persons using the public streets.

7. "That his Honor erred in charging the jury the following portion of the plaintiff's fifth request to charge: 'And it is held, as a matter of law, to be negligence on the part of the company to suspend wires in such a position that, in the event of their breaking or falling, they will become charged with a dangerous current of electricity from wires underneath.'

"The error being: (a) That he charged the jury as to matters of fact, when he stated that the particular act therein mentioned constituted negligence, and under the testimony in this case said charge in effect was that this defendant was guilty of actionable negligence. (b) That said request does not state a correct proposition of law, in that it is not negligence, as a matter of law, on the part of a company to "suspend wires in such a position that, in the event of their breaking or falling, they will become charged with a dangerous current of electricity from wires underneath;" but in every such case it is a question of fact to be determined by the jury whether or not the stringing or suspension of wires in such position constitutes negligence.

8. "That his Honor erred in charging the jury the following portion of the plaintiff's sixth request to charge: 'Failure to adopt all usual appliances and methods to prevent contact and hurtful passage of the current through another wire is a breach of duty to the public.' The error being that since, at the time of his death, Charles Lundy was upon one of the poles of this defendant, where the general public has no right to go, said charge was erroneous, in that it held this defendant to a higher degree of care than the law requires under such circumstances.

9. "That his Honor erred in refusing this defendant's fourth request to charge, which was as follows: 'If the jury believe from the evidence that a man of ordinary prudence, exercising ordinary care for his own safety under such circumstances as surrounded Charles Lundy at the time of the accident, would have tested the telephone wires to ascertain if they were safe before bringing himself in contact with said wires while standing upon or in contact with the telephone cable, and without such prior test should, in the exercise of ordinary care, have kept clear of the said cable and its supports, and that Lundy, at the time of this accident, failed to do so, and that such failure was a proximate cause of the accident, without which the same would not have occurred, then the plaintiff cannot recover and the jury must find for the defendants.' The error being that said request stated a correct principle of law applicable to the facts of the case and the issues raised by the pleadings, and was not covered by his Honor in his general charge.

10. "That his Honor erred in refusing this defendant's sixth request to charge, which was as follows: 'Where an employee, in discharging the duty required of him, has the choice of two ways in performing it, one entirely safe and the other obviously and greatly dangerous, adopts the dangerous way, and is in consequence injured, he is, as a rule, guilty of negligence which will bar a recovery based on the defendant's negligence, and he cannot relieve himself of the consequences of such contributory negligence by showing that it was customary to perform the duty in the dangerous way.' The error being that said request stated a correct proposition of law applicable to the facts of the case and the issues raised by the pleadings, and was not covered by his Honor in his general charge.

11. "That his Honor erred in refusing this defendant's eighth request to charge, which was as follows: 'The jury are instructed that in this case there is no evidence to sup-

3—90

port a verdict of punitive or vindictive damages, and that such damages cannot be awarded against the defendants;' and in charging the jury that they could award punitive or exemplary damages 'in case the wrongful act, neglect or default of the defendants was the result of recklessness, wilfulness or malice.' ⸱ The error being that there was no evidence of recklessness, wilfulness or malice on the part of this defendant, and no evidence of any wilful, wanton, reckless or intentional misconduct or breach of duty by the defendants, and his Honor should not have submitted the issue of punitive damages to the jury.

12. "That his Honor erred in charging the jury the following portion of plaintiff's ninth request to charge: 'A company maintaining electric wires over which a high voltage of electricity is conveyed, rendering them highly dangerous to others, is under the duty of using the necessary care and prudence at places where others may have the right to go, either for work, business, or pleasure, to prevent injury. It is the duty of the company under such conditions to keep the wire perfectly insulated, and it must exercise the utmost care to maintain them in this condition at such places.'

"The error being: (a) That said charge does not state a sound proposition of law, in that this defendant was bound under the law to use only reasonable care under the circumstances of the case, and not the 'utmost care,' as charged by his Honor. (b) That it was a charge on the facts, in that he thereby stated what acts were necessary to constitute due care in the maintenance of such wires."

*Messrs. H. E. W. Palmer, Brutus J. Clay, Nelson, Nelson & Gettys* and, *Melton & Belser,* for appellant, cite: *Notices signed by deceased should have been admitted:* 85 S. C. 383. *Request as to duty of city to deceased should have been charged:* 60 S. C. 19; 26 S. C. 258; 42 S. W. 1009; 52 L. R. A. 437; 88 Fed. 226. *Same degree of care*

*is not required as to lineman as to persons using the streets:*
69 S. C. 303; 45 S. C. 146.    *Company is not guilty of neg-
ligence by suspending wires so that if they break or fall on
wires below they will be charged with currents:* 71 S. C.
156; 69 S. C. 307; 31 L. R. A. 576; 64 Fed. 287; 61 S. C.
487; 63 S. C. 507; 19 So. 695; 35 L. R. A. 570; 52 At.
290; 48 At. 523; 72 N. Y. 279; 26 L. R. A. 810; 22 L.
R. A. 635; 43 At. 962; 14 S. W. 863; 114 N. Y. S. 190;
65 S. W. 78; 27 L. R. A. 365; 70 S. E. 892.    *Charge based
on facts supposed is not on the facts:* 59 S. C. 254, 303;
63 S. C. 271.    *Duty of servant where two ways are open
to him to do the work:* 61 S. C. 489.    *When punitive dam-
ages should be allowed:* 84 S. C. 483.

*Messrs. B. L. Abney* and *Jno. J. Earle,* contra.    *Mr.
Abney* cites: *Duty of city permitting another to erect wires
on its streets:* 88 Fed. 226.    *Care required of those using
public ways for electric wires:* 2 Cool. on Torts, 1493; 31
L. R. A. 566; 1 St. Ry. R. 639; 33 L. R. A. 798; 9 Houst.
306; 69 S. C. 305; 55 S. C. 403; 100 Am. St. R. 505; 86
Am. St. R. 732; 132 Am. St. R. 554; 72 A. S. R. 730;
51 A. S. R. 465; 78 Pac. 807; 67 L. R. A. 475; 92 N. E.
739; 93 N. E. 883; 135 A. S. R. 821; 70 S. E. 892; 93 N.
E. 883.    *Company must so suspend wires that in event of
falling they may not become charged with electricity:* Joyce,
sec. 607; 66 S. E. 240; 106 Pac. 587; Clarke's St. Ry.
Acc. L., sec. 120; 67 L. R. A. 465; 128 S. W. 1012; 73
S. W. 654; 135 Fed. 969; 6 St. Ry. R. 685; 2 St. Ry. R.
362; 3 L. R. A. (N. S.) 988; L. R., 5 Q. B. 411; 51
Am. St. R. 464; 69 S. C. 305.    *Punitive damages in such
cases:* Joyce on Elec. L. 450; 72 S. C. 350.    *Duty of com-
pany to keep wires insulated:* Joyce, sec. 445; 73 S. W.
654; 46 S. E. 217; 66 S. E. 839

*Mr. Jno. J. Earle* cites: *Evidence as to condition of
deceased's family admissible:* 60 S. C. 9.    *Papers signed by*

*servant of deceased as agent of city of Columbia were not relevant:* 29 S. C. 560; 63 S. C. 290. *Duty of two companies using same line of poles:* Joyce, sec. 449. *Insulation of wires:* Joyce, sec. 445; 69 S. C. 307. *Failure to insulate is negligence per se:* 114 Fed. 843; 29 Cyc. 629, 634, 636; 27 Barb. 221; 78 S. C. 129; 83 S. C. 354; 63 S. C. 391; 72 S. C. 392; 109 Ala. 287; 101 Ky. 34; 80 S. C. 5; 69 S. C. 307; 173 Mo. 661; Joyce, secs. 445, 607; 69 S. C. 307. *In absence of motion for nonsuit or to direct a verdict this Court cannot consider if there was any evidence of punitive damages:* 83 S. C. 200; 87 S. C. 184.

November 13, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action, by administratrix of the estate of Charles Lundy, deceased, for damages on account of the death of her husband, Charles Lundy, alleged to have been caused by the joint and concurrent negligence, recklessness, wilfulness, and wantonness of the defendants.

The complaint alleges, that the defendants at the time hereinafter mentioned, were corporations doing business in the city of Columbia and respectively owning and maintaining plants, poles and wires, suspended on poles therein.

That on or about the 11th day of June, 1908, the defendants carelessly, negligently, wilfully and wantonly, had failed to properly and safely insulate their respective wires, and to inspect the same and to keep the same, in proper and safe condition, and carelessly, negligently, recklessly wilfully and wantonly, had suffered their respective wires to cross and come in contact with each other, and by rubbing against each other, to wear away the insulation thereon, whereby, on or about the 11th day of June, 1908, and while the said Charles Lundy in the performance of his duties, was on one of the poles of the said Southern Bell Telephone & Telegraph Company on Main street in said city, and

when he came in contact with a wire or wires, of the said Southern Bell Telephone & Telegraph Company, a powerful, dangerous and deadly current of electricity passed, and was conducted from the wire or wires of the said The Columbia Electric Street Railway Light and Power Company, along through and over the said wire or wires, of the said Southern Bell Telephone & Telegraph Company, with which the said Charles Lundy was in contact, and into the body of the said Charles Lundy, whereby he received a fatal shock.

That the duties the said Charles Lundy was then performing, were the arrangement and the working with, or on certain lines or wires of the city of Columbia, connected, or to be connected with the said poles of the said defendant Southern Bell Telephone & Telegraph Company, and that said duties were being performed for the city of Columbia.

The defendants denied the allegations of negligence and intentional wrong, and set up the defenses of contributory negligence and assumption of risk.

The jury rendered a verdict in favor of the plaintiff, against the defendant Southern Bell Telephone & Telegraph Company, for twenty thousand dollars, and the said defendant appealed upon exceptions which will be reported.

We proceed to consider the exceptions.

*First and Second Exceptions:* These exceptions were not argued by the appellant's attorneys, and must be considered as being withdrawn.

*Third and Fourth Exceptions:* These exceptions assign error on the part of his Honor, the presiding Judge, in refusing to allow the defendant telephone company, to introduce in evidence certain papers, entitled: "Notice to All Employees," which the signature of Charles Lundy showed, had been received by him several years previously, while he was in the employment of the telephone company. The papers were offered for

the purpose of showing, that Charles Lundy had knowledge that it was dangerous to handle electric wires. Even conceding that the ruling was erroneous, it was not prejudicial, as the testimony showed, that Lundy was an experienced lineman, and there was other testimony to the effect, that Lundy had knowledge of the facts, which the papers were intended to prove.

*Fifth Exception:* Assignment of error "(a)," cannot be sustained, for the reason that the charge in this respect, even if erroneous, was not prejudicial to the rights of the appellant. Nor can assignment of error "(b)" be sustained, as the charge in this respect, must be considered in connection with the entire charge, when it will be seen, that the presiding Judge instructed the jury, that the telephone company was not liable, unless its negligence was the proximate cause of the injury sustained.

*Sixth Exception:* It is axiomatic, that the caution which an ordinarily prudent man is bound to exercise, in the operation of dangerous instrumentalities, must be greater than in those cases, not attended with danger. And, as electric wires in streets are liable to become exceedingly dangerous, unless properly guarded, it necessarily follows, that those operating such appliances, are required to exercise a very high degree of care in their construction, repair, inspection and maintenance, in order to prevent injury to others. *Parsons* v. *Electric Co.,* 69 S. C. 305, 48 S. E. 284.

*Seventh Exception:* This charge eliminated, from the consideration of the jury, the question whether there was negligence on the part of the telephone company, in suspending the wires.

If the wires were properly suspended, then their breaking or falling, whereby they became charged with a dangerous current of electricity, from wires underneath, would not render the telephone company liable for an injury resulting therefrom, in the absence of negligence on its part.

Negligence is a mixed question of law and fact. It is the duty of the Court to define negligence, but it is the province of the jury to determine, whether it exists in a particular case.

The charge of the presiding Judge was at variance with the rule thus stated in the case of *Parsons* v. *Electric Co.,* 69 S. C. 305 : "The extent to which wires conveying deadly electric currents should be insulated or otherwise guarded, *must be decided by the jury, under the facts of each case."*

Under the said charge, it is hardly conceivable, how the jury could have rendered any verdict, except for the plaintiff, as they were not permitted to consider the question of negligence.

This exception is sustained.

*Eighth Exception:* So much of the request as is set out in the exception, is an exact reproduction of the language of the Court, in the case of *Parsons* v. *Electric Co.,* 69 S. C. 305, 48 S. E. 284, and this exception is overruled.

*Ninth Exception:* The presiding Judge properly refused the request on the ground that it embodied a charge on the facts. *Weaver* v. *Ry.,* 76 S. C. 49; 56 S. E. 657; *Martin* v. *Ry.,* 84 S. C. 568, 66 S. E. 993; *Turbyfill* v. *Ry.,* 86 S. C. 395, 68 S. E. 687; *Finch* v. *Ry.,* 87 S. C. 190.

*Tenth Exception:* In refusing the request mentioned in this exception, the presiding Judge assigned the following reasons: "Now, the sixth request I refuse to charge you, because that request distinctly sets forth the relation of employee, which is the law that governs master and servant. The first request which I charge you, did not have any reference to employee or master and servant; the sixth does; I do not think the sixth is applicable to this case." These reasons show that the request was properly refused.

*Eleventh Exception*: As this case must be remanded for a new trial, we deem it advisable not to comment upon the testimony, but merely to state, that there was testimony tending to show, that the plantiff was entitled to punitive damages. Besides, even though no particular fact may be sufficient alone, to show that the plaintiff was entitled to punitive damages, nevertheless, when considered together, they may have that effect. *Railroad* v. *Partlow*, 14 Rich. 237; *Dantzler* v. *Cox*, 75 S. C. 334, 55 S. E. 774; *Wertz* v. *Ry.*, 76 S. C. 388; *Rhodes* v. *Cotton Mills*, 87 S. C. 18.

*Twelfth Exception:* In the case of *Parsons* v. *Electric Co.*, 68 S. C. 305, the Court uses this language: "The rule as to the degree of care in the use of electricity, is the same as in the use of steam and other agencies— the care must be proportionate to the danger. In determining the danger, it is the duty of those in control, to have in view all the surroundings, including the contiguity of other wires, and their liability to fall and come in contact, with the dangerously charged wires. As said by the Supreme Court of New Jersey in *Anderson* v. *Jersey City Electric Light Co.*, 43 Atl. 655: 'Care in this sense means more than mere mechanical skill; it includes circumspection and foresight with regard to reasonably probable contingencies.' The failure to adopt all usual appliances and methods, to prevent contact and hurtful discharge of the current through another wire, is a breach of duty to the public. This view is supported by the almost broken current of authority." (Citing numerous cases.)

A telegraph or telephone company, is not liable in damages for injuries sustained by persons coming in contact with its wires, unless it was guilty of negligence, which may be defined as the failure to exercise that degree of care, which a person of ordinary intelligence and prudence might reasonably be expected to exercise, under the circumstances of this particular case.

While it is true, that a telegraph or telephone company, is only bound to exercise ordinary care, nevertheless a person of ordinary intelligence and prudence is expected to use greater caution, in dealing with very dangerous instrumentalities, than in those cases, where there is less danger.

Questions of negligence arising in cases, where injuries have been sustained, through contact with electric wires in the streets, are to be determined like all other questions of negligence, by the jury, upon the facts in the particular case, unless they are only susceptible of one inference.

Therefore, when the presiding Judge charged that it was the duty of a telegraph or telephone company, to keep its wires *perfectly* insulated, and that it must exercise the *utmost care* to keep them in that condition, he not only invaded the province of the jury, but required of the telegraph or telephone company, a greater degree of care, than the law imposes in such cases.

This exception is therefore sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. JUSTICE HYDRICK. I concur in the opinion of Mr. Justice Gary, except as to the disposition of the ninth exception. I am unable to see wherein the defendants' fourth request embodies a charge upon the facts. But there was no prejudicial or reversible error in refusing the request, because substantially the same instruction as is therein requested was given to the jury in other parts of the charge.